UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ESTEBAN AZAEL RODRIGUEZ-JAIMES,

    *Petitioner*,

v.                                                                    **Case No. 5:26-CV-0339-JKP**

PAM BONDI, et al.,

    *Respondents*.

ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents have submitted an Abbreviated Response (ECF No. 7) to preserve the legal issues and to conserve judicial and party resources. Petitioner has filed a reply. *See* ECF No. 8.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the cases cited in footnote 1 of its Order for Service (ECF No. 4) and relisted here.[1] While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. As requested by Respondents, the Court incorporates the filings in the cases identified in their Abbreviated Response into the record in this case.

Respondents acknowledge that this Court's prior rulings concerning similar challenges to

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g., Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g., Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. They have considered the Court's cited orders and present two matters that they contend distinguish this case from prior ones considered by the Court. Petitioner disagrees that either matter provides a reason for a different result in this case. These matters deserve brief consideration.

First, Respondents argue that Petitioner should be required to seek a bond hearing in immigration court before invoking this Court's habeas jurisdiction. They premise this argument on paragraph 5 of the Petition, in which Petitioner states that he (1) "entered the United States through port of entry as a baby in stroller with an adult," (2) was thus effectively "'waved in' although he did not have a visa," and (3) immigration officials have misclassified him as entering without inspection in their Notice to Appear. Respondents contend that, if as a factual matter, Petitioner was waved through, then he would be deemed admitted under *Matter of Quilantan*, 25 I&N Dec. 285 (BIA 2010) and thus subject to 8 U.S.C. § 1226, making him eligible for bond consideration.

Petitioner argues that his petition is not premature and that he should not need to seek a bond hearing as one waved through when Respondents have classified him as a noncitizen who entered without inspection. Respondents are not holding Petitioner as someone who was waved through—they are instead mandatorily detaining him under § 1225(b) as an applicant for admission even though twenty years have passed since he entered the United States as a toddler. They seek to detain him under that provision until he pursues bond through the immigration court, completes an appeal with the Board of Immigration Appeals, if necessary, and pursues a petition for review, if necessary. But the Court has repeatedly found that Respondents cannot properly detain someone like Petitioner under § 1225(b) and that the proper detention provision would be § 1226, the same provision that would apply if immigration authorities simply accepted that he was waved

through when he came to the United States in 2005 as a toddler.

Under the facts here, the Court thus finds that the proper detention provision is not § 1225(b) whether Petitioner was waved through or not. The Court will not permit Respondents to use § 1225(b) to detain Petitioner on these facts. To require Petitioner to resolve the factual question of whether he was waved through or not would simply permit Respondents to unlawfully detain Petitioner under § 1225(b) while he pursues administrative remedies that are ultimately immaterial to whether Respondents can properly detain him under § 1225(b). To be clear, Respondents are not arguing that they currently detain Petitioner properly under § 1226; they simply want Petitioner to jump through administrative hoops while they unlawfully detain him under § 1225(b). The Court disagrees with the attempt to essentially reclassify Petitioner so that they continue to detain him.

Respondents' second argument fares no better. They speculate that Petitioner's conceded arrest for assault in 2025 might subject him to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). But they are not detaining him in accordance with that provision. While the Laken Riley Act ("LRA") became law on January 29, 2025, and amended mandatory detention provisions to include certain noncitizens who are merely "charged with" or "arrested for" committing acts that constitute the essential elements of any offense that results in serious bodily injury, Petitioner argues that LRA does not apply to this case because his charged offense has no element of any "serious bodily injury."

Respondents do nothing more than speculate that Petitioner's arrest for misdemeanor assault might make him ineligible for bond. They are neither detaining him under § 1226(c) nor arguing that the provision necessarily applies under the circumstances. Petitioner, on the other hand, provides solid argument for finding that LRA does not impact this case. For these reasons, the Court finds the misdemeanor charge immaterial to the issues in this case. Like the contrived

3

"waved through" fact-issue addressed above, Respondents simply want Petitioner to litigate the bond eligibility matter in immigration court even though they unlawfully detain him under a separate detention provision.

That Petitioner may or may not have been waved through while a toddler or that a misdemeanor assault charge might make him subject to mandatory detention if invoked does not alter this Court's prior analysis finding detention under § 1225(b)(1) or (2) unlawful. Petitioner, furthermore, has made solid argument for why his misdemeanor offense does not make him subject to mandatory detention, even if invoked. The Court does not find that the factual differences presented by Respondents or their arguments about them materially distinguishes this case from numerous others that have rejected Respondents' position and their jurisdictional arguments. Its consistent analysis is that neither § 1225(b)(1) nor § 1225(b)(2) permit Respondents to detain noncitizens under facts like those now before the Court.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Esteban Azael Rodriguez-Jaimes from custody, under appropriate conditions of release, to a public place **no later than January 30, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED** so that Petitioner is released consistent with this order.

4. Respondents shall **FILE** a Status Report no later than **January 31, 2026**, confirming that Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 28th day of January 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**